# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

KG Funding, Inc.,

    Plaintiff,

v.

Tim Partridge,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 12-2155 ADM/JJK

_____

Wallace G. Hilke, Esq., and Jessica L. Meyer, Esq., Lindquist & Vennum PLLP, Minneapolis, MN, on behalf of Plaintiff.

Sarah E. Hudleston, Esq., Robins Kaplan Miller & Ciresi LLP, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On November 9, 2012, the undersigned United States District Judge heard oral argument on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Docket No. 4]. For the reasons stated below, Defendant's Motion to Dismiss is granted.

## II. BACKGROUND

Plaintiff KG Funding, Inc. ("KGF") was incorporated under Minnesota law on January 27, 2010. Tim Partridge Decl. [Docket No. 7] ¶ 7. KGF is a holding company of wholly and partially owned subsidiaries to build props, stage and studio facilities, and develop special effects for movies. Pl.'s Mem. Opp'n [Docket No. 11] 1. In approximately February 2010, Defendant Tim Partridge loaned KGF $1.25 million, became a member of its board of directors, and began working as President of KGF's subsidiary, Kerner 3D Technologies, LLC ("K3D"). Id. at 2-3. According to Partridge, K3D was part of "The Kerner Group" and Partridge's offer

letter stated that his official title was President of Kerner's Entertainment Group, which included "Kerner Studios" and K3D. Id. ¶ 14. Partridge was paid a salary from another KGF entity called "Kerner Optical," which Partridge assumed was just another name for Kerner Studios. Id. The members of KGF's board of directors were Partridge, CEO Eric Edmeades and CFO Jon Goetze. Goetze Aff. [Docket No. 12] ¶¶ 1, 4. During Partridge's employment and board membership, Edmeades lived in California, and The Turks and Caicos Islands, and Goetze resided in Minnesota. Partridge Decl. ¶ 10. For the one official board meeting and about a dozen informal "business update" meetings, the board met in California. Id. Kerner Optical and K3D shared office space in California. Id. ¶ 15. In February 2011, Kerner Optical filed for Chapter 11 bankruptcy in California. Partridge Decl. ¶ 19. In July 2011, Partridge was removed from his position at Kerner Optical. Id. ¶ 20. In November 2011, Partridge co-founded a new company called 32Ten Studios. Id. ¶ 23. Partridge remained a board member of KGF until January 2012. Pl.'s Mem. Opp'n 2.

KGF has now sued Partridge, alleging breach of fiduciary duty, unfair competition, unjust enrichment, and interference with economic advantage. Not. of Removal [Docket No. 1] Ex. A ("Complaint"). Goetze contends "Partridge was actively involved in the business operations of KGF and its subsidiaries" and "regularly communicated" via e-mail and telephone with KGF in Minnesota. Goetze Aff. ¶ 7. Partridge states, and KGF does not dispute, that Partridge lived continuously in California. Partridge Decl. ¶ 2. Partridge never lived in Minnesota, never traveled to Minnesota, and never worked on projects located in Minnesota. Id. ¶¶ 3-6. KGF also does not dispute Partridge's contention that all KGF board and business meetings took place in California. Id. ¶¶ 10-12.

2

## III. DISCUSSION

A nonresident defendant may move to dismiss a complaint if the forum state lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(1). Personal jurisdiction extends to a nonresident individual under Minn. Stat. § 543.19, which permits Minnesota courts to assert personal jurisdiction to the full extent of federal due process. Juelich v. Yamazaki Mazak Optonics Corp., 682 N.W.2d 565, 570 (Minn. 2004). Due process requires a defendant have minimum contacts with the forum state to satisfy traditional notions of fair play and substantial justice. Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945). The Eighth Circuit has consistently followed a five factor test for evaluating minimum contacts:

(1) the nature and quality of the defendant's contacts with the forum state;

(2) the quantity of contacts;

(3) the relationship between the cause of action and the contacts;

(4) the forum state's interest in providing a forum for its residents; and

(5) the convenience of the parties.

Pecoraro v. Sky Ranch for Boys. Inc., 340 F.3d 558, 562 (8th Cir. 2003). A "substantial connection" must be established between the defendant and the forum state, such that a court may find the non-resident defendant "purposefully availed" himself of the forum. Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006); Concord, Inc. v. Dakota State Bank, 595 F. Supp. 678, 680 (D. Minn. 1984) (specific jurisdiction must be based on contacts "between the defendant and the forum state, not simply between the defendant and a resident of the forum state").

KGF's opposition to dismissal for lack of personal jurisdiction relies upon Partridge's

3

status as a director on the board of KGF, a company organized under the laws of Minnesota, and on Partridge's e-mails and telephone calls with Goetze, a board member and resident of Minnesota. The affidavits and declarations of the parties show that none of these contacts related to projects or productions in Minnesota. California was the focus of all Partridge's activities. Partridge never traveled to Minnesota for KGF business. KGF's formal and informal board meetings were all held in California. Partridge was President of a KGF subsidiary, which was also located in and operated from California. All of Partridge's employees were located in California.

The first factor of the minimum contacts test is the nature and quality of Partridge's contact with this forum. KGF argues that Partridge's position as a director on the board of Minnesota-incorporated KGF establishes sufficient contact with the forum state to allow a finding of personal jurisdiction. But where "virtually all conduct" occurs outside of Minnesota, Partridge's position on the board is not sufficient. See Behm v. John Nuveen & Co., 555 N.W. 2d 301, 306-07 (Minn. Ct. App. 1996). All of Partridge's alleged breaches stem from actions Partridge would have taken in California, in the California market, and with California clients, employees and businesses. KGF's incorporation in Minnesota may determine the law under which certain claims proceed, but it does not establish purposeful availment of the Minnesota forum. Shaffer v. Heitner, 433 U.S. 186, 216 (1977); Johnson, 444 F.3d at 956. In this case the nature of the contacts all related back to the businesses, the productions, and the projects of Partridge in California. No business contacts with Minnesota customers or clients is alleged.

The second factor focuses on the quantity of contacts. Whatever their quantity, if the nature of Partridge's e-mails and telephone calls to the other board members is insufficient to

establish jurisdiction, then the quantity of conversations will not make up the substantive shortcoming. Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002). As described, all KGF businesses had a California nexus, so the locus of the board members as recipients of these communications is irrelevant in this case. Whether Edmeades and Goetze received e-mails in California, Minnesota, or even in The Turks and Caicos Islands, the receivers' location alone should not determine specific jurisdiction. Partridge purposefully communicated with a resident who lived in Minnesota, but there is no evidence that Partridge purposefully availed himself of the Minnesota legal forum. See Concord, 595 F. Supp. at 680.

The third factor focuses on the locus of the litigation. Again, all allegations relate to Partridge's work in California and his management of KGF's businesses in California.

The last two factors are not determinative. Porter, 293 F.3d at 1076. But, the convenience of the parties in litigating also weighs in favor of Partridge as the potential evidence and witnesses are located in California. Minnesota's interest in providing a forum for KGF is minimal.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Docket No. 4] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 26, 2012.